IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY B. HEATON, et al.,<br><br>Plaintiffs,<br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Civil Action No. 1:19-cv-03003-JMC |

### STATUS REPORT

Plaintiffs respectfully submit the following status report. Plaintiffs are United States nationals who seek judgment against Defendant the Islamic Republic of Iran for its role in approximately 420 separate acts of attempted or completed extrajudicial killing that occurred from approximately 2003 to 2011. A subset of Plaintiffs, killed or injured in 20 of those acts of extrajudicial killing, filed their pending Bellwether Motion for Default Judgment, ECF No. 51 ("Bellwether Motion") on June 2, 2023. Plaintiffs submit this status report to respectfully propose steps this Court could take to decide the Bellwether Motion and continue deciding the other Plaintiffs' claims. Plaintiffs respectfully propose the following:

(1) The Court should follow the approach Judge Cobb took in *Bein, et al. v. The Islamic Republic of Iran*, 1:21-cv-2160-JMC and hold in abeyance the causes of action asserted by the Bellwether Plaintiffs based on attacks that do not involve a death;

(2) The Court should ask Plaintiffs to submit proposed findings of fact and conclusions of law related to the bellwether cases involving attacks that resulted in a death; and

(3) The Court should authorize Plaintiffs to file an additional Motion for Default Judgment related to plaintiffs injured in eight attacks that resulted in fatalities for which Iran has already been found responsible in other cases by this Court.

## I. The Court should hold cases that do not involve a death in abeyance.

Following the filing of Plaintiffs Bellwether Motion, on July 31, 2023, Judge Cobb entered the following Minute Order:

> MINUTE ORDER: The Court reviewed Plaintiffs' Motion for Default Judgment as to Bellwether Plaintiffs, ECF 51. The Court is considering the Motion, including the arguments related to whether it has subject matter jurisdiction over claims involving terrorist attacks that did not result in death. *See id.* at 16-18. The Court will issue a decision regarding whether it has subject matter over the bellwether plaintiffs, then Plaintiffs may proceed with the remaining plaintiffs.

July 31, 2023 Minute Order.

On March 8, 2024, the D.C. Circuit held that the FSIA does not confer jurisdiction over claims resulting from that terrorist attack because it "did not kill anyone," and therefore was "not an 'extrajudicial killing' within the meaning of the statute." *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053, 1061-62 (D.C. Cir. 2024). On May 14, Plaintiffs in this case filed a Notice of Supplemental Authority identifying *Borochov* and explaining that it had no impact on 11 of the Bellwether attacks because they involved completed killings. *See* ECF No. 54. Specifically, nine attacks resulted in the death of a Plaintiff or a Plaintiff's family member, and two attacks resulted in deaths of individuals unrelated to Plaintiffs.[1] Plaintiffs also contended that *Borochov* did not preclude jurisdiction over the remaining nine attacks because all of Iran's IEP attacks collectively

---

[1] *See* Bellwether Motion at 15-16, 21 (describing attacks that resulted in the death of a Plaintiff or the immediate family member of a Plaintiff on May 14, 2006; January 5, 2010; March 11, 2008; April 21, 2005; May 21, 2004; September 19, 2007; June 20, 2007; March 22, 2008; and February 7, 2007); *see also* Bellwether Motion at 16-17 (describing attacks that resulted in the death of an individual unrelated to Plaintiffs on September 8, 2009 and January 18, 2007).

2

constituted a single act of judicial killing. *See id.*[2] Plaintiffs requested that, in any event, the Court hold in abeyance the claims related to the remaining nine attacks that did not result in fatalities while the Supreme Court considers whether to grant certiorari in *Borochov*. *See* Petition for Certiorari, *Borochov v. Islamic Republic of Iran*, No. 24-277 (U.S. Sept. 9, 2024).

To date in this case, the Court has not ruled on the Bellwether attacks that did not involve a death. In a similar case against Iran, undersigned counsel argued that the Court should hold in abeyance claims related to non-fatal attacks until the Supreme Court rules on *Borochov*. *See Bein*, No, 21-cv-2160 (D.D.C.), ECF No. 22. Judge Cobb agreed and delayed presentation of evidence and ruling on the injury-only cases pending "the final disposition of appellate proceedings in *Borochov v. Islamic Republic of Iran*, No. 24-277 (U.S.)." *Bein*, September 24, 2024, Minute Order.

Consistent with Judge Cobb's order in *Bein*, this Court should defer ruling on the Bellwether attacks committed on December 26, 2007; May 17, 2011; January 4, 2011; October 29, 2008; May 16, 2006; March 29, 2007; August 24, 2007; April 20, 2007; and April 20, 2008 until "the final disposition of appellate proceedings in *Borochov v. Islamic Republic of Iran*, No. 24-277 (U.S.)."

## II. The Court should order the Bellwether Plaintiffs to file proposed Findings of Fact and Conclusions of Law.

Aside from the claims that should be held in abeyance pending the outcome of *Borochov*, Plaintiffs offer to submit proposed findings of fact and conclusions of law for claims related to the 11 Bellwether attacks that resulted in fatalities. Owing to the extensive record and the fact-specific nature of FSIA claims, this Court has routinely accepted proposed findings of fact and conclusions

---

[2] *See* Bellwether Motion at 16-18, 21 (describing attacks committed on December 26, 2007; May 17, 2011; January 4, 2011; October 29, 2008; May 16, 2006; March 29, 2007; August 24, 2007; April 20, 2007; and April 20, 2008).

3

of law.  *See e.g.*, *Maxwell v. Islamic Republic of Iran*, 22-cv-0173, ECF No. 30; *Cabrera v. Islamic Republic of Iran*, 19-cv-3835, ECF No. 70; *Baxter v. Islamic Republic of Iran, et al.*, 11-cv-2133, ECF No. 39.  Plaintiffs would be happy to provide such a filing on February 28, 2025, at the Court's request.

### III. The Court should authorize non-bellwether plaintiffs injured by attacks that courts in this district have already considered to move for default.

Eight fatal attacks that injured 21 non-Bellwether plaintiffs have already been considered by courts in this District.  For each of these terrorist attacks, the court made all necessary findings and determined that Iran was responsible under the FSIA.  This Court will therefore be able to quickly resolve these 21 non-Bellwether plaintiffs' claims by taking judicial notice of those findings.

Courts in this district have articulated the appropriate role of judicial notice in FSIA cases: "The proper approach is one that permits courts in subsequent related cases to rely upon the evidence presented in earlier litigation … without necessitating the formality of having the evidence reproduced."  *Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44, 49 (D.D.C. 2012).  "Because of the multiplicity of FSIA-related litigation, courts in this District have frequently taken judicial notice of earlier, related proceedings."  *Id*.  The "FSIA does not require this Court to relitigate issues that have already been settled in previous decisions.  Instead, the Court may review the evidence considered in an opinion that is judicially noticed without necessitating representment of such evidence."  *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 60 (D.D.C. 2010).  *See e.g.*, *Stearns v. The Islamic Republic of Iran*, 633 F. Supp. 3d 284, 341-43 (D.D.C. 2022) ("*Stearns*") taking judicial notice of *Fritz v. Islamic Repub. Of Iran* 320 F. Supp. 3d 48, 86-87 (D.D.C. 2018); *Karcher v. Islamic Repub. of Iran*, 396 F. Supp. 3d 12 (D.D.C. 2019) ("*Karcher*

4

*I*"); *Karcher v. Islamic Repub. of Iran*, No. 16-cv-232 (CKK); 2021 WL 133507 (D.D.C. Jan. 14, 2021) ("*Karcher II*"); and *Lee v. Islamic Repub. of Iran*, 518 F. Supp. 3d 475 (D.D.C. 2021).

The already decided attacks are listed below with the corresponding case that has determined Iran's culpability:

(1) May 3, 2007 attack (Jerome Potter family).  *See* Amended Complaint, ECF No. 26 at 70-71; *Karcher v. Islamic Republic of Iran*, Case No. 16-cv-232, 2021 WL 133507, at *38 (D.D.C.) (January 14, 2021).

(2) August 4, 2007 attack (Jaron Holliday family).  *See* Amended Complaint, ECF No. 26 at 73-74; *Driscoll v. Islamic Republic of Iran*, Case No. 20-cv-622, 2023 WL 4892710, at *8 (D.D.C.) (June 27, 2023).

(3) April 7, 2008 attack (Timothy Smith family); *See* Amended Complaint, ECF No. 26 at 78-79; *Karcher v. Islamic Republic of Iran*, Case No. 16-cv-232, 2021 WL 133507, at *52-53 (D.D.C.) (January 14, 2021).

(4) April 6, 2008 attack (Dale Fair family).  *See* Amended Complaint, ECF No. 26 at 99; *Stearns v. The Islamic Republic of Iran*, 633 F. Supp. 3d 284, 341-43 (D.D.C. 2022).

(5) May 6, 2007 (Larry Clark family).  *See* Amended Complaint, ECF No. 26 at 107; *Stearns v. The Islamic Republic of Iran*, 633 F. Supp. 3d 284, 311-12 (D.D.C. 2022); *Karcher v. Islamic Republic of Iran*, Case No. 16-cv-232, 2021 WL 133507, at *40-41 (D.D.C.) (January 14, 2021).

(6) September 8, 2009 attack (Zachary Martinez family).  *See* Amended Complaint, ECF No. 26 at 133; *Stearns v. The Islamic Republic of Iran*, 633 F. Supp. 3d 284, 321-22 (D.D.C. 2022); *Karcher v. Islamic Republic of Iran*, Case No. 16-cv-232, 2021 WL 133507, at *61 (D.D.C.) (January 14, 2021).

(7) December 10, 2006 attack (Matthew Ashmead family).  *See* Amended Complaint, ECF No. 26 at 194-95; *Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12, 60-61 (D.D.C. 2019).

(8) June 6, 2011 attack (Dave Rogers family).  *See* Amended Complaint, ECF No. 26 at 205-06; *Lee v. Islamic Republic of Iran*, 656 F. Supp. 3d 11, 49 (D.D.C.).

Judge Cobb's Minute Order contemplates that the Court will decide the Bellwether Motion before the remaining plaintiffs move for default judgment.  Because the court can take judicial notice of the facts of the above eight attacks, Plaintiffs respectfully request that the court authorize the 21 plaintiffs injured by those attacks to move for default judgment beforehand.

Dated: December 17, 2024　　　　　　　　　　Respectfully submitted,

/s/     *Matthew D. McGill*
Matthew D. McGill
(D.C. Bar No. 481430)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile: (202) 530-9522
mmcgill@gibsondunn.com

/s/     *Craig W. Carlson*
Craig W. Carlson
(D.C. Bar No. TX0182)
THE CARLSON LAW FIRM, PC
100 East Central Texas Expy
Killeen, TX  76541
Telephone: (254) 526-5688
Facsimile: (254) 526-8204
ccarlson@carlsonattorneys.com

/s/     *Jeremy C. Shafer*
Jeremy C. Shafer (DC Bar No. 1006578)
VETERAN LEGAL GROUP
700 12th Street NW, Suite 700

6

                                                  Washington, D.C. 20005
                                                  Telephone: 888.215.7834
                                                  jshafer@bannerlegal.com