**Exhibit 2: Round 2 Plaintiffs' Individualized Proposed Damages**

| Plaintiff | Direct Injury Plaintiff / Family Member | Compensatory Damages | Punitive Damages[1] | Total Award (Compensatory and Punitive Damages) | Post-Judgment Interest Rate[2] |
|---|---|---|---|---|---|
| Matthew Ashmead | Direct Victim | $7,000,000[3] [4] | $21,000,000 | $28,000,000 | 28 U.S.C. § 1961(a) |
| The Late Jerome Potter | Deceased U.S. Soldier | | | | |

---

[1] To calculate punitive damages, Plaintiffs applied the 3:1 punitive-to-compensatory damages ratio used by the *Flanagan* Court. *Flanagan v. Islamic Republic of Iran*, 87 F. Supp. 3d 126–127 (D.D.C. 2015); *see also Taitt v. Islamic Republic of Iran*, ––– F. Supp. 3d –––, 2023 WL 2536518 at *23-24 (D.D.C. Mar. 16, 2023). The Supreme Court has affirmed awarding punitive damages in FSIA cases. *Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020).

[2] Plaintiffs request that the Court apply the statutory rate, 28 U.S.C. § 1961(a), used in *Flanagan.* at 127 n.39; 28 U.S.C. § 1961(a) (post-judgment interest shall be calculated at a rate equal to the weekly average 1-year constant Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the calendar week preceding the Judgment).

[3] For a directly-injured claimant, "[c]ourts generally 'begin[ ] with the baseline assumption that persons suffering substantial injuries in terrorist attacks are entitled to $5 million in compensatory damages.'" *Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161, 180 (D.D.C. 2019) (quoting *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 37-38 (D.D.C. 2012)).

[4] *See Schooley v. Islamic Republic of Iran*, No. 17-cv-376, 2019 WL 2717888 at *75 (D.D.C. June 27, 2019) (Service-member plaintiffs with VA ratings of 70-100% receive an award of $7,000,000); *Gration v. Islamic Republic of Iran*, 2023 WL 5221955 at *30 (D.D.C. Aug. 15, 2023) ("[S]ervicemember plaintiffs rated 70–100% disabled by the VA will receive a further upward departure, for a total of $7,000,000…").

| Brad Jones | Family Member (Father) | $6,250,000 Solatium with aggravating circumstances[5][6][7] | $18,750,000 | $25,000,000 | 28 U.S.C. § 1961(a) |
| --- | --- | --- | --- | --- | --- |
| The Late Jaron Holliday | Deceased U.S. Soldier | | | | |
| Kelly Holliday | Family Member (Mother) | $6,250,000 Solatium with aggravating circumstances[8] | $18,750,000 | $25,000,000 | 28 U.S.C. § 1961(a) |
| John Holliday, Jr. | Family Member (Father) | $5,000,000 Solatium | $15,000,000 | $20,000,000 | 28 U.S.C. § 1961(a) |

---

[5] "As a starting point, the family of a deceased victim typically receives damages in the amount of . . . $5 million for a parent." *Barry v. Islamic Republic of Iran,* 437 F.Supp.3d 15, 54 (D.D.C. 2020).

[6] For family members of either directly injured victims or deceased U.S. soldiers, "[A]n upward adjustment [to solatium damages] may be appropriate in cases with aggravating circumstances, indicated by such things as testimony which describes a general feeling of permanent loss or change caused by decedent's absence or medical treatment for depression and related affective disorders." *Id.* (internal citations and quotations omitted).

[7] In the case of aggravating circumstances, an **upward adjustment of 25%** to solatium damages is appropriate for family members of deceased U.S. military servicemembers. *See Flanagan v. Islamic Republic of Iran*, 87 F. Supp. 3d 93, 118 (D.D.C. 2015) (awarding a 25% upward adjust despite unrelated issues contributing to the family members' emotional harm and dysfunction); *see also Baker v. Socialist People's Libyan Arab Jamahiriya,* 775 F.Supp.2d 48, 83 (D.D.C.2011) (approving an upward departure of 25% from the baseline for solatium damages); *Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 86 (D.D.C. 2010) (same). Accordingly, Plaintiffs seek a 25% upward adjustment for family members who describe a "general feeling of permanent loss or change" and/or those who required medical treatment/counseling for depression or grief. *Id.* Given the aggravating circumstances, Plaintiffs request compensatory damages of **$6,250,000** for the parent of a deceased U.S. solider.

[8] In the case of aggravating circumstances, an **upward adjustment of 25%** to solatium damages is appropriate for family members of deceased U.S. military servicemembers. *See Flanagan v. Islamic Republic of Iran*, 87 F. Supp. 3d 93, 118 (D.D.C. 2015) (awarding a 25% upward adjust despite unrelated issues contributing to the family members' emotional harm and dysfunction); *see also Baker v. Socialist People's Libyan Arab Jamahiriya,* 775 F. Supp. 2d 48, 83 (D.D.C. 2011) (approving an upward departure of 25% from the baseline for solatium damages); *Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 86 (D.D.C. 2010) (same). Accordingly, Plaintiffs seek a 25% upward adjustment for family members who describe a "general feeling of permanent loss or change" and/or those who required medical treatment/counseling for depression or grief. *Id.* Given the aggravating circumstances, Plaintiffs request compensatory damages of **$6,250,000** for the parent of a deceased U.S. solider.

| John Holliday, III | Family Member (Brother) | $2,500,000 Solatium | $7,500,000 | $10,000,000 | 28 U.S.C. § 1961(a) |
|---|---|---|---|---|---|
| Joshua Holliday | Family Member (Brother) | $2,500,000 Solatium | $7,500,000 | $10,000,000 | 28 U.S.C. § 1961(a) |
| Jeremiah Holliday | Family Member (Brother) | $2,500,000 Solatium | $7,500,000 | $10,000,000 | 28 U.S.C. § 1961(a) |
| Jada Holliday | Family Member (Sister) | $3,125,000 Solatium with aggravating circumstances[9] | $9,375,000 | $12,500,000 | 28 U.S.C. § 1961(a) |
| Josiah Holliday | Family Member (Brother) | $2,500,000 Solatium | $7,500,000 | $10,000,000 | 28 U.S.C. § 1961(a) |
| Justus Holliday | Family Member (Brother) | $2,500,000 Solatium | $7,500,000 | $10,000,000 | 28 U.S.C. § 1961(a) |
| Jamin Holliday | Family Member (Brother) | $2,500,000 Solatium | $7,500,000 | $10,000,000 | 28 U.S.C. § 1961(a) |
| Dale D. Fair | Direct Victim | $7,000,000[10] [11] | $21,000,000 | $28,000,000 | 28 U.S.C. § 1961(a) |

---

[9] In the case of aggravating circumstances, an **upward adjustment of 25%** to solatium damages is appropriate for family members of deceased U.S. military servicemembers. *See Flanagan v. Islamic Republic of Iran*, 87 F. Supp. 3d 93, 118 (D.D.C. 2015) (awarding a 25% upward adjust despite unrelated issues contributing to the family members' emotional harm and dysfunction); *see also Baker v. Socialist People's Libyan Arab Jamahiriya,* 775 F. Supp. 2d 48, 83 (D.D.C. 2011) (approving an upward departure of 25% from the baseline for solatium damages); *Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 86 (D.D.C. 2010) (same). Accordingly, Plaintiffs seek a 25% upward adjustment for family members who describe a "general feeling of permanent loss or change" and/or those who required medical treatment/counseling for depression or grief. *Id.* Given the aggravating circumstances, Plaintiffs request compensatory damages of **$3,125,000** for the sibling of a deceased U.S. solider.

[10] For a directly-injured claimant, "[c]ourts generally 'begin[ ] with the baseline assumption that persons suffering substantial injuries in terrorist attacks are entitled to $5 million in compensatory damages.'" *Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161, 180 (D.D.C. 2019) (quoting *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 37-38 (D.D.C. 2012)).

[11] *See Schooley v. Islamic Republic of Iran*, No. 17-cv-376, 2019 WL 2717888 at *75 (D.D.C. June 27, 2019) (Service-member plaintiffs with VA ratings of 70-100% receive an award of $7,000,000); *Gration v. Islamic Republic of Iran*, 2023 WL 5221955 at *30 (D.D.C. Aug. 15, 2023) ("[S]ervicemember plaintiffs rated 70–100% disabled by the VA will receive a further upward departure, for a total of $7,000,000…").

| Dana Fair | Family Member (Daughter) | $2,500,000 Solatium[12] | $7,500,000 | $10,000,000 | 28 U.S.C. § 1961(a) |
| Zachary C. Martinez | Direct Victim | $7,000,000[13] [14] | $21,000,000 | $28,000,000 | 28 U.S.C. § 1961(a) |
| David Rogers | Direct Victim | $7,000,000[15] [16] | $21,000,000 | $28,000,000 | 28 U.S.C. § 1961(a) |
| Larry Clark | Direct Victim | $7,000,000[17] [18] | $21,000,000 | $28,000,000 | 28 U.S.C. § 1961(a) |

---

[12] "[F]or the family of an injured victim, courts generally award[ ] . . . $2.5 million.to a child." *Barry,* 437 F. Supp. 3d at 54.

[13] For a directly-injured claimant, "[c]ourts generally 'begin[ ] with the baseline assumption that persons suffering substantial injuries in terrorist attacks are entitled to $5 million in compensatory damages.'" *Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161, 180 (D.D.C. 2019) (quoting *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 37-38 (D.D.C. 2012)).

[14] *See Schooley v. Islamic Republic of Iran*, No. 17-cv-376, 2019 WL 2717888 at *75 (D.D.C. June 27, 2019) (Service-member plaintiffs with VA ratings of 70-100% receive an award of $7,000,000); *Gration v. Islamic Republic of Iran*, 2023 WL 5221955 at *30 (D.D.C. Aug. 15, 2023) ("[S]ervicemember plaintiffs rated 70–100% disabled by the VA will receive a further upward departure, for a total of $7,000,000…").

[15] For a directly-injured claimant, "[c]ourts generally 'begin[ ] with the baseline assumption that persons suffering substantial injuries in terrorist attacks are entitled to $5 million in compensatory damages.'" *Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161, 180 (D.D.C. 2019) (quoting *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 37-38 (D.D.C. 2012)).

[16] *See Schooley v. Islamic Republic of Iran*, No. 17-cv-376, 2019 WL 2717888 at *75 (D.D.C. June 27, 2019) (Service-member plaintiffs with VA ratings of 70-100% receive an award of $7,000,000); *Gration v. Islamic Republic of Iran*, 2023 WL 5221955 at *30 (D.D.C. Aug. 15, 2023) ("[S]ervicemember plaintiffs rated 70–100% disabled by the VA will receive a further upward departure, for a total of $7,000,000…").

[17] For a directly-injured claimant, "[c]ourts generally 'begin[ ] with the baseline assumption that persons suffering substantial injuries in terrorist attacks are entitled to $5 million in compensatory damages.'" *Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161, 180 (D.D.C. 2019) (quoting *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 37-38 (D.D.C. 2012)).

[18] *See Schooley v. Islamic Republic of Iran*, No. 17-cv-376, 2019 WL 2717888 at *75 (D.D.C. June 27, 2019) (Service-member plaintiffs with VA ratings of 70-100% receive an award of $7,000,000); *Gration v. Islamic Republic of Iran*, 2023 WL 5221955 at *30 (D.D.C. Aug. 15, 2023) ("[S]ervicemember plaintiffs rated 70–100% disabled by the VA will receive a further upward departure, for a total of $7,000,000…").